IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS E. EVERETTE, JR.,
:
    Petitioner,                                       Case No. 3:12-cv-408

                                          :          District Judge Thomas M. Rose
   -vs-                                           Magistrate Judge Michael R. Merz

TIMOTHY BUCHANAN, Warden,
:
    Respondent.

## TRANSFER ORDER

       Petitioner Thomas E. Everette, Jr., brings this habeas corpus action *pro se* to obtain relief from his conviction in the Montgomery County Common Pleas Court for aggravated murder, robbery, theft, and a weapons violation for which he was sentenced to be imprisoned for twenty-eight years to life (Petition, Doc. No. 1, PageID 3).

       Everette pleads one ground for relief, to wit, that he received ineffective assistance of trial counsel in that his attorney did not present evidence which would have impeached a state's witness.

       Everette previously filed a habeas corpus action in this Court directed to the same conviction. *Everette v. Warden,* Case No. 3:10-cv-343. That case was dismissed with prejudice upon the Court's conclusion that Everette had procedurally defaulted his claims by failing to take a timely appeal from the decision of the Second District Court of Appeals decision affirming his conviction to the Ohio Supreme Court (See Report and Recommendations, Doc. No. 9; Supplemental Report and Recommendations, Doc. No. 11; Decision and Entry, Doc. No. 12).

Judgment in that case became final when the Sixth Circuit Court of Appeals denied Everette's request for a certificate of appealability on August 26, 2011.

In that case, Everette pled three Grounds for Relief as follows:

> **Ground One:** The trial court erred by conducting proceeding outside the presence of appellant.
>
> **Supporting Facts:** Appellant was absent while several hearings were held as the jury deliberated including a motion for mistrial.
>
> **Ground Two**: The trial court erred by admitting evidence where its probative value was substantially outweighed by the danger of unfair prejudice.
>
> **Supporting Facts:** Admission of State's exhibits 6-9, graphic exit wound photographs, were so gruesome that one juror became so upset that proceedings had to be halted.
>
> **Ground Three:** Trial court erred in its supplemental instructions to the jury, violating appellant's right to due process.
>
> **Supporting Facts:** After a jury clearly stated that it could not reach a verdict without the surrender of honest convictions, the trial judge instructed jury to continue deliberations thereby pressuring jurors to set aside honest convictions for the sake of reaching unanimous
> verdict.

(Petition, Doc. No. 1).

Everette acknowledges that the claim made in the instant Petition was not included in the prior case. He states,

> It should be noted that I could note [sic] include my post-conviction arguments in my first habeas petition because it [the petition for post-conviction relief] was originally dismissed as being untimely. The Public Defender appealed that decision and got my post-conviction back in court as being filed on time.

(Petition, Doc. No. 1, PageID 6.)

The opinion of the Second District Court of Appeals in *State v. Everette,* No. 23585, 2011-Ohio-4663, 2011 Ohio App. LEXIS 3862 (Ohio App. 2nd Dist. Sept. 16, 2011), confirms that Everette's petition under Ohio Revised Code § 2953.21 was originally dismissed as untimely, but that determination was reversed by the court of appeals.  Everette fails to mention, however, that the appellate timeliness holding was itself reversed by the Ohio Supreme Court. *Id.* at ¶ 9.  On remand, the appellate court found that Everette's ineffective assistance of trial counsel claim was barred by *res judicata*. *Id.* at ¶ 16.  A separate ineffective assistance of trial counsel claim relating to using telephone records to impeach a witness – presumably the claim Everette seeks to pursue in this case – was found to be without merit and dismissed. *Id.* at ¶ 23.

Based on these facts, the Magistrate Judge concludes that the instant Petition is a second habeas corpus petition attacking the same trial court judgment as the Petition in Case No. 3:10-cv-343, but presenting a new claim not adjudicated in the prior case.  That being so, Everette cannot proceed in this Court without the prior permission of the United States Court of Appeals for the Sixth Circuit.  28 U.S.C. § 2244(b)(2) provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

A dismissal for procedural default, which is what happened with Everette's prior case, is a dismissal on the merits; a second habeas application after such a dismissal must have the permission of the Court of Appeals under 28 U.S.C. §2244(b)(3). *In re Benedict Joseph Cook,* 215 F. 3rd 606 (6th Cir. 2000). A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). However, the district court must decide in the first instance whether a petition or § 2255 motion is second or successive. *In re: Sheppard*, 2 012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re:Kenneth W. Smith*, 690 F.3d 8089 (6th Cir. 2012).

Accordingly, it is hereby ORDERED (1) Petitioner is *sua sponte* granted leave to proceed in this Court *in forma pauperis* and (2) this case shall be transferred by the Clerk to the United States Court of Appeals for the Sixth Circuit for that Court's determination of whether or not to grant Petitioner leave to proceed on this second Petition. The Clerk shall not transfer the case until after District Judge Rose has determined any objections Petitioner files to this Order, which must be filed not later than December 26, 2012.

December 7, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge